Argued November 19. 1969, affirmed January 15, 1970

STATE OF OREGON, *Respondent, v.*
THOMAS CANTRELL, *Appellant.*
No. 12-487
463 P. 2d 593

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*G. Dwyer Wilson,* Deputy District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Ray Robinett, District Attorney, Hillsboro.

LANGTRY, J.

Defendant appeals from a conviction under ORS 163.255 of assault and battery by means of force likely to produce great bodily injury. He was indicted with David L. Johnson, as, a result of a tavern altercation which started when the barmaid in the tavern refused service to defendant and Johnson, who had come into the tavern together. A Mr. Roberts was the only other patron in the bar besides the barmaid when Johnson and defendant entered. Some words passed between the barmaid and defendant, after which defendant and Johnson started to leave.

There was testimony from which the jury could believe the following: that Roberts made a remark about orange juice; that defendant walked up to him demanding to know what he had said and then struck Roberts. Roberts fought back and was struck several times over the head by Johnson with a beer mug. Johnson had attacked Roberts from the rear. When the mug broke on Roberts' head, Johnson left the tavern and Roberts continued to fight with defendant. Defendant pulled a rat-tailed comb from his pocket which he drove up Roberts' nose, causing a serious head injury. The barmaid, who was attempting to get outside to telephone police and get the license number of the auto defendant and Johnson arrived in, was thrown aside by defendant who then fled.

Defendant assigns as error the court's jury instruction that he could be held guilty as an accomplice with Johnson. Defendant asserts there was insufficient proof of concerted action.

"* * * [I]t is the 'general rule that the least degree of concert or collusion between the parties to an illegal transaction makes the act of

one of them the act of all * * *.' " *State v. Fichter,* 226 Or 526, 532, 360 P2d 278 (1961).

The jury could have believed the above facts from the evidence, so it is obvious that there was evidence of Johnson's and defendant's acting in concert with one another.

Affirmed.