Argued October 25, affirmed November 10, 1972

# STATE OF OREGON, *Appellant, v.*
# MARK ALVIN STEVENS
## (No. 14-415), *Respondent.*

502 P2d 612

*John W. Osburn,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was charged by indictment with the crime of criminal activity in drugs in violation of ORS 167.207. The indictment reads as follows:

"That the said defendant Mark Alvin Stevens on the 25th day of February A.D. 1972, in the said County of Washington, State of Oregon, then and there being, did unlawfully, feloniously and knowingly possess marihuana, a narcotic drug, the said defendant having a previous conviction for a narcotic drug offense, contrary to the statutes * * *."

Defendant demurred to the indictment on the ground that the allegation of the previous drug conviction violates ORS 132.540(1)(f) which states that:

"* * * [T]he indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject him to enhanced penalties."

The trial court sustained the demurrer with leave to resubmit the case to the grand jury, and the state appeals.

ORS 167.207 provides that criminal activity in drugs is a Class B felony unless (a) "* * * the conviction is for possession of less than one avoirdupois ounce of marihuana and" (b) "it is the defendant's first conviction for any narcotic or dangerous drug offense * * *." ORS 167.207(3). If both of these mitigating factors are present, the crime is a Class A misdemeanor. If, however, the conviction is for possession of more than one avoirdupois ounce, or the defendant has had a previous conviction for a narcotic or dangerous drug offense, it is a Class B felony. The maximum imprisonment for a Class A misdemeanor is one year. ORS 161.615. The maximum imprisonment for a Class B felony is ten years. ORS 161.605. Thus it is clear that proof of either a previous conviction for a

narcotic or dangerous drug offense or possession of more than one avoirdupois ounce may subject the defendant to greater penalties.

In *State v. Bettin/English/Remling,* 10 Or App 230, 498 P2d 382, Sup Ct *review denied* (1972), this court held that an indictment charging a defendant with the crime of possession of marihuana must contain an allegation as to whether the quantity of marihuana claimed to have been possessed was greater or less than one avoirdupois ounce. That decision was based on the proposition that determination of the amount of marihuana possessed is a factual issue within the jury's province and on the defendant's right to know with certainty whether he is charged with a felony or a misdemeanor. *Bettin* did not address itself to the present question of whether previous convictions for narcotic or dangerous drug offenses must also be alleged in the indictment and proven at trial, but the state urges on this appeal that the considerations in *Bettin* are analogous and require the same result. We disagree.

The principal distinction between the present case and the situation in *State v. Bettin/English/Remling,* supra, is that in *Bettin* there was no statute stating whether the amount of marihuana possessed should or should not be included in the indictment. In the case at bar, by contrast, ORS 132.540(1)(f) is unambiguous and forbids the inclusion of the previous conviction where, as here, it might subject the defendant to an enhanced penalty.[①] As the Oregon Supreme Court said, in applying the statute:

"* * * Thus the legislature provided a change

_____

[①] The 1957 amendment to ORS 132.540 (1)(f) forbid that an indictment contain allegations that a defendant had previously

in the procedure with reference to the pleading of prior convictions of crimes. Contrary to the common-law view, prior convictions are not now an ingredient of any offense against the state, but are to be considered only in determining the sentence to be pronounced by the court." *State v. Hoffman*, 236 Or 98, 105, 385 P2d 741 (1963).

We hold, therefore, that it is at the sentencing stage that the matter of previous convictions for narcotic or drug offenses should be raised and determined, and that defendant's demurrer to the indictment was properly sustained.

Affirmed.

---

been convicted of a crime which might subject him to an enhanced penalty. This amendment apparently arose, at least partly, as the result of the decision in State v. Waterhouse, 209 Or 424, 307 P2d 327 (1957), which pointed up the prejudicial effect on a defendant charged with the misdemeanor offense of "peeping Tom" where the prosecution also alleged in the same indictment his prior rape conviction for the purpose of enhancing the penalty from a misdemeanor to a life sentence, pursuant to the then existing law. That decision recommended "ameliorating" legislation.