Submitted on record and briefs March 13, affirmed April 1, 1974

STATE OF OREGON, *Respondent, v.*
MICHAEL HIGHTOWER
(No. 16-670), *Appellant.*
520 P2d 470

Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem, for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals his conviction of first degree burglary. ORS 164.225.[1] The accusatory instrument charged that he

"* * * [d]id, knowingly and unlawfully, enter a building located at 2403 Third Street, Tillamook, Oregon, with intent to commit the crime of Theft therein, and while in said building did use a dangerous weapon, to wit: A Knife, against one Theodore Bochanyin * * *."

The burglarized building was a cafe. When the cafe was opened on the morning of June 19, 1973, a cigarette machine was found broken open, and the body of the proprietor was in the back room with a large knife used in the cafe protruding from his chest. A meat cleaver covered with a substance that appeared to be blood was on the cutting board. Fifty dollars in cash was missing from a hiding place in the back room as well as the money that had been in the cigarette machine.

Defendant was arrested later that afternoon and immediately waived his *Miranda* rights (*Miranda v.*

---

[1] ORS 164.215 (1) and 164.225 (1) provide:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.215 (1).

"A person commits the crime of burglary in the first degree if he violates ORS 164.215 and * * * if in effecting entry or while in a building or in immediate flight therefrom he:

"(a) Is armed with * * * a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon." ORS 164.225 (1).

*Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966)) and made a statement to the police. He also testified at his trial in a manner consistent with his statement. He stated that he had been in the cafe around 2 a.m. drinking coffee when Leslie Sage, whom he knew only as Les, sat down with him. After several hours' conversation the two went to defendant's apartment where they began to drink heavily. Sage told defendant that he had fixed a window at the cafe so they could burglarize the place without having to force an entry.

Shortly after 5 a.m. (when the cafe closed) they entered the cafe through the window. Defendant found the money hidden in the back room while Sage ransacked the cigarette machine. Ten to twenty minutes after they entered the cafe a truck was driven into the parking lot and they became aware the proprietor was returning. Defendant stated that Sage then picked up a knife and that defendant told him " 'Don't hurt him.' " Defendant, thinking he had no time to escape without being seen, then hid in a restroom off the back room. He heard sounds of a struggle and as he left the restroom saw Sage stabbing the proprietor several times.

Defendant said that he just panicked and froze, then ran past the two men and out the door heading for his apartment two-and-a-half blocks away. Halfway there Sage caught up with him and the two walked the rest of the way. At the apartment Sage washed blood off his hands and face and tied part of an old "T" shirt of defendant around a bad cut on his finger. Defendant then gave Sage half the money he had taken and Sage left.

The sole error assigned is the trial court's failure to grant defendant's motion for a judgment of acquittal.

The motion was based on the theory that, under the facts as related by defendant, defendant could not be held criminally liable for Sage's use of a knife.

Under the evidence, there is no question but that defendant was a participant in the crime of second degree burglary. ORS 164.215 (1). The question is whether defendant is liable for all of Sage's actions in his (Sage's) commission of the crime and thus guilty of first degree burglary. ORS 164.225 (1).

ORS 161.155 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:
"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime he:
"* * * * *

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *
"* * * * * *."

The evidence of defendant's actions after Sage picked up and used the knife supports a factual finding that he continued to aid and abet Sage thereafter, and became an accomplice in what Sage thereafter did, despite any protests he may have made to Sage as to what his conduct should be.

Defendant, in fleeing the cafe, took the money he previously found. After reaching his apartment he divided this money with Sage. Sage committed first degree burglary in that he used the knife. Defendant aided and abetted Sage's crime by taking the proceeds of the burglary from the store. As such, he did more than merely acquiesce in Sage's commission of the

crime—he actively aided him. *State v. Stark,* 7 Or App 145, 152, 490 P2d 511 (1971). Under ORS 161.155 defendant's actions in aiding Sage make him liable for the crime Sage committed. *See also State v. Fichter,* 226 Or 526, 532, 360 P2d 278 (1961) ; *State v. Cantrell,* 1 Or App 454, 455, 463 P2d 593 (1970).

Affirmed.