Argued August 19, remanded for resentencing September 13, reconsideration denied October 20, petition for review denied November 16, 1976

## STATE OF OREGON, *Respondent,*
### *v.*
## MAX RAYMOND HOWE, *Appellant.*
### (No. 75-5002, CA 5559)
554 P2d 605

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Darryl L. Larson,* Assistant District Attorney, for Lane County, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney for Lane County, Eugene.

[ 743 ]

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Having been convicted of first degree robbery, defendant contends his enhanced sentence under ORS 166.230 was erroneous and that admission of certain evidence is reversible error.

There are four statutes relevant to the sentencing issue. ORS 166.230, in effect since 1925, provides in part:

> "Any person who commits or attempts to commit any felony within this state while armed with any pistol, revolver, machine gun or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, upon conviction of the felony or of an attempt to commit the felony, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the penitentiary for not more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence." ORS 166.230(1).

The 1971 criminal code revision created three degrees of robbery. The basic crime, a Class C felony, is defined in ORS 164.395(1):

> "A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:
>
> "(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or
>
> "(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft."

ORS 164.405(1) lists circumstances that increase the severity of the crime to a Class B felony:

> "A person commits the crime of robbery in the second degree if he violates ORS 164.395 and he:
>
> "(a) Represents by word or conduct that he is armed

with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present."

And ORS 164.415(1) lists circumstances that increase the severity to a Class A felony:

"A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person."

Defendant was convicted under this latter statute.

Defendant's own testimony amounts to a confession of committing second degree robbery — that he and two confederates robbed a gas station each aiding "another person actually present." ORS 164.405(1)(b). Defendant's testimony and other evidence that he continued to promote and attempt to conceal the commission of the crime after one confederate pointed a gun at the station attendant at least made a jury question on whether defendant was guilty of first degree robbery on the theory that he aided and abetted a confederate "armed with a deadly weapon." ORS 164.415(1)(a); *see, State v. Hightower,* 17 Or App 112, 520 P2d 470 (1974). There is, however, no evidence that defendant himself ever had any form of possession or control over a gun during the commission of the robbery.

■   The sentencing problem argued on appeal is whether, as the trial court instructed the jury, defendant can be subject to the enhanced penalty provided by ORS 166.230 if he aided and abetted another's possession of a gun during the commission of a felony. ORS 166.230 does not create a crime, *State v. Blacker,* 234 Or 131, 380 P2d 789 (1963), so the familiar doctrine that an accessory can be found guilty of a substantive crime because of conduct of a principal is inapplicable. Instead, the question is whether this vicarious liability approach from the law of substantive crimes should be extended to an enhanced penalty statute.

■   We find it unnecessary to reach this question. As noted above, the robbery statutes state three degrees of the crime, with more severe penalties provided when there are aggravating factors. The most severe penalty is provided for robbery while "armed with a deadly weapon," ORS 164.415(1)(a), which includes firearms, ORS 161.015(2). This factor increases the possible penalty for what is otherwise the same conduct from 5 or 10 years' imprisonment to 20 years' imprisonment. In other words, since the 1971 criminal code revision, being in possession of a firearm while committing a robbery has been incorporated into the definition of the substantive crime and been a basis for delineating the most serious degree of the crime.

If a person who violated ORS 164.415(1)(a) by using a firearm during a robbery were also subject to the enhanced penalty provided by ORS 166.230, his possible punishment would have been increased twice by substantial increments because of exactly the same conduct. We cannot imagine that the legislature intended this. The inescapable conclusion is that, in the course of the 1971 criminal code revision that produced the present robbery statutory scheme, the legislature overlooked the existence of ORS 166.230. Therefore, we hold that a person convicted of violating ORS 164.415(1)(a) because of use of a firearm is not subject to the enhanced penalty provided by ORS 166.230. *Cf., State v. Fitzgerald,* 14 Or App 361, 372-76, 513 P2d 817 (1973).

■   Defendant's other assignment is that it was reversible error to admit a tape-recorded statement of an unavailable witness. The state concedes it was error to admit the taped statement, but argues it was not prejudicial.

The taped statement indicated that, contrary to defendant's testimony that he did not know one of his confederates was armed, defendant supplied the gun used in the robbery. As noted above, this has no bearing on whether defendant aided and abetted a violation of

ORS 164.415(1)(a). *State v. Hightower, supra.* And in view of our conclusion that defendant is not subject to an enhanced penalty under ORS 166.230, we agree with the state that there is no possibility that the erroneous admission of the taped statement could have affected the outcome of the trial.

Remanded for resentencing.