Argued June 29, affirmed August 1, 1977

STATE OF OREGON, *Appellant,*
*v.*
LUKE ALLEN, *Respondent.*
(No. C 76-12-17203, CA 7589)
567 P2d 552

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

The state appeals from an order sustaining defendant's demurrer to an information for driving while suspended or revoked. ORS 487.560.[1] The issue presented is whether the information may properly contain an allegation that defendant's operator's license had been suspended as a result of a prior conviction for driving under the influence of intoxicants.

Count I of the information alleged:

"The said defendant, on or about December 3, 1976, in the County of Multnomah, State of Oregon, did unlawfully and with criminal negligence drive a motor vehicle upon a public street or highway during a period when the said defendant's license was suspended by the Motor Vehicles Division of the Department of Transportation as a result of a prior conviction for Driving Under the Influence of Intoxicants, to-wit: DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The statutory sanction for driving while suspended is bifurcated. The crime of driving while suspended is a Class A misdemeanor unless the original suspension was the result of a conviction for any one of a series of serious traffic offenses, including driving while under the influence of intoxicants (DUII). If the suspension was for a serious traffic offense, the crime is a Class C

---

[1]ORS 487.560 in part provides:

"(1) A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division.

"* * * * *

"(6) Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result of conviction for any of the following offenses:

"* * * * *

"(f) Driving while under the influence of intoxicants."

felony. In this case defendant's license suspension arose out of a prior conviction for DUII.

■ Defendant demurred to the information on the ground that ORS 132.540(2) prohibits the allegation of a previous conviction. ORS 132.540(2) provides:

> "The indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject him to enhanced penalties, except where the conviction constitutes a material element of the crime charged."

The demurrer was sustained.

The parties both below and on appeal have assumed that ORS 132.540(2) is the appropriate statute on which to base a demurrer in this case. As the accusatory instrument was an information and not an indictment, ORS 132.540(2) does not apply. The appropriate basis for demurrer is ORS 133.007(2), which provides:

> "The information or complaint shall not contain allegations that the defendant has previously been convicted of any offense which might subject him to enhanced penalties."

Since the prohibitions against allegations of prior convictions in ORS 132.540(2) and 133.007(2) are substantially the same and serve identical purposes, we perceive no sound reason to reverse for this technical error.

■ At common law a prior conviction was regarded as a part of an indictment which must be established when the Crown sought to invoke an enhanced penalty for the crime charged. *State v. Hoffman,* 236 Or 98, 385 P2d 741 (1963). The prohibition against alleging a prior conviction is designed to avoid prejudice to defendant. *State v. Waterhouse,* 209 Or 424, 307 P2d 327 (1957); *State v. Stevens,* 11 Or App 303, 502 P2d 612 (1972).

In *State v. Stevens, supra,* we held that the predecessor to ORS 132.540(2) required sustaining a demurrer to an indictment which alleged a prior conviction for a

narcotic drug offense in order to charge a felony criminal activity in drugs on the second offense. The statutory scheme for criminal activity in drugs in *Stevens,* like the statutory scheme here, set up a two-tiered penalty system which enhanced the degree and potential penalty for the crime from Class A misdemeanor to Class B felony when the defendant had been previously convicted for any narcotic or drug offense. The predecessor to ORS 132.540(2) was similar to what is now ORS 133.007(2) except that it prohibited allegations of prior convictions in indictments and not informations. In *Stevens* we observed that

"* * * it is at the sentencing stage that the matter of previous convictions for narcotic or drug offenses should be raised and determined * * *." 11 Or App at 306.

The state concedes that "[i]t might well be argued that *State v. Stevens, supra,* is dispositive of the issue," but points out that the failure to allege the prior conviction when a felony is charged raises a problem of notice to the defendant. Perhaps a statute like ORS 484.380(1)[2] would be the most straightforward way to accommodate both defendant's statutory right to avoid the prejudicial allegation of former conviction and the interest in receiving fair notice of the charge. However, we conclude even without such a detailed procedure that a defendant has notice that he is charged

---

[2] ORS 484.380(1) provides:

"(1) In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

"(a) The court shall accept the stipulation regardless of whether or not the state, municipality or political subdivision agrees to it;

"(b) Evidence of the previous conviction shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

"(c) No mention of the previous conviction shall be made to the jury by either the court or the state, municipality or political subdivision; and

"(d) The court shall not submit the complaint or evidence of the previous conviction to the jury."

under the enhanced penalty statute when the indictment or information alleges a felony driving while suspended or revoked or otherwise denotes the crime charged as a felony. In this case, for example, the information alleged: "The above-named defendant is accused by information of the crime of FELONY DRIVING WHILE SUSPENDED * * *." That allegation is sufficient notice to the defendant that he is charged with the enhanced penalty offense.

Affirmed.