Argued June 28, affirmed August 17, 1977

STATE OF OREGON, *Appellant,*

*v.*

JOHN ORIN NAGEL, *Respondent.*

(No. C76-10-13872, CA 7556)

567 P2d 585

John W. Burgess, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Stephen S. Walker, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Judge, and Fort, Senior Judge.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal by the state from a pretrial order that evidence of defendant's prior conviction for driving under the influence of intoxicants (DUII) will not be admissible in his forthcoming trial for driving while suspended (DWS) and DUII. Both DUII and DWS are divided into degrees. Defendant is charged with the more serious degree of both because of his prior DUII conviction. A statutory procedure, invoked by defendant, renders evidence of his prior DUII conviction inadmissible if defendant were about to be tried *only for DUII.* The state's argument on appeal is that it should nevertheless be entitled to introduce evidence of defendant's prior DUII conviction *as relevant to the pending DWS charge.* We disagree, and affirm the trial court's order.

First-offense DUII is a Class A traffic infraction. ORS 487.540. The basis of the present Class A misdemeanor charge of DUII against defendant is ORS 484.365(1):

"Any offense that would otherwise be punishable as a Class A traffic infraction shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of any class A traffic infraction or traffic crime within a five-year period immediately preceding the commission of the offense * * *."

As to the pending DUII charge, ORS 484.380(1) provides:

"In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

"(a) The court shall accept the stipulation regardless of whether or not the state, municipality or political subdivision agrees to it;

"(b) Evidence of the previous conviction shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

"(c) No mention of the previous conviction shall be

[ 497 ]

made to the jury by either the court or the state, municipality or political subdivision; and

"(d) The court shall not submit the complaint or evidence of the previous conviction to the jury."

Prior to trial defendant filed a written stipulation that he "had a prior conviction for Driving Under the Influence within the last five years from the date of his arrest." There is no question that ORS 484.380 requires that the prior conviction not be introduced before the jury that tries the pending DUII charge.

The problem is that defendant faces a separate DWS charge. The state argues it must prove the reason defendant's license was suspended—and in so doing show his prior DUII conviction—as an element of proving its DWS charge against defendant. The state's argument misconstrues the applicable statute.

The crime of DWS is defined in ORS 487.560(1):

"A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division."

The possible penalties are defined in ORS 487.560(5) and (6):

"(5) Except as provided in subsection (6) of this section, driving while suspended or revoked is a Class A misdemeanor.

"(6) Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result of conviction for any of the following offenses:

"(a) Manslaughter or criminally negligent homicide resulting from the operation of a motor vehicle.

"(b) Any crime punishable as a felony in the commission of which a motor vehicle was used.

"(c) Failure to perform the duties of a driver involved in an accident or collision which results in physical injury to any person.

"(d) Reckless driving.

"(e) Fleeing or attempting to elude a police officer.

"(f) Driving while under the influence of intoxicants."

Under this statutory scheme, *the fact* that a defendant's license has been suspended must be proven under ORS 487.560(1) in order to establish guilt. However, *the reason* for the suspension is irrelevant to whether a defendant committed the crime of DWS; the reason is only germane at sentencing. We so held in *State v. Allen,* 30 Or App 275, 567 P2d 552 (1977). The specific question in *Allen* was whether an accusatory instrument charging felony DWS could allege the reason for the suspension. We held that it could not. If the state cannot plead the reason for suspension when charging DWS, it follows from the rationale of *Allen* that the state cannot introduce evidence of the reason for suspension before the jury.

Affirmed.