Argued December 15, 1977, affirmed January 23, 1978

STATE OF OREGON, *Respondent,*
*v.*
ODLE LEE THOMAS, *Appellant.*
(No. 76-466, CA 8273)
573 P2d 762

Gregory A. Hartman, Portland, argued the cause and appeared for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant was convicted of driving while suspended, a violation of ORS 487.560(1).[1] At trial, the state introduced into evidence copies of the order of suspension of the defendant's driver's license and the certified mail receipt of the order signed by the defendant's brother. Both copies were certified as authentic by the Section Head of the Special Services Section of the Motor Vehicles Division. Defendant maintains it was error for the trial court to admit the mailing receipt into evidence.

ORS 482.580 provides:

> "Notwithstanding the provisions of subsection (1) of ORS 43.330, proof of the *order of suspension* may be made by submitting to the court a copy of the order of suspension certified as a correct transcript thereof by an officer or an employe of the division." (Emphasis supplied.)

Defendant argues that the mailing receipt does not fall within the purview of ORS 482.580 and that its admission into evidence is governed by the requirements of ORS 43.330(6) which provides:

> "Documents of any other class in this state or the United States [may be proved] by the original or by a copy certified by the legal keeper."

Defendant contends that the mailing receipt was certified by an employe of the Motor Vehicles Division, not the "legal keeper" of the mailing receipt, and, therefore, was improperly admitted into evidence.

■■ Lack of notice of suspension is an affirmative defense to the crime of driving while suspended. ORS

---

[1] ORS 487.560(1) provides:

"A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division."

487.560(2);[2] *State v. Taylor,* 28 Or App 815, 818, 561 P2d 662, *rev den* (1977). The defendant offered no such defense. The state was not required to prove that the defendant had notice of the suspension of his license, but only "* * * *the fact* that [the license] has been suspended * * * in order to establish guilt." *State v. Nagel,* 30 Or App 495, 499, 567 P2d 585 (1977). Consequently, even if the mailing receipt was improperly admitted into evidence, the defendant was not prejudiced by such admission.

Affirmed.

---

[2]ORS 487.560(2) provides:

"In a prosecution under subsection (1) of this section, it is an affirmative defense that:

"* * * * *

"(b) The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section."