Argued May 31, affirmed August 27, reconsideration
denied October 11, petition for
review allowed October 30, 1979

STATE OF OREGON,
*Respondent,*
*v.*
DOROTHY RACHEL HARRIS,
*Appellant.*

(No. J 10557, CA 12989)

598 P2d 1246

David L. Slader, Portland, argued the cause for appellant. With him on the brief was Jed C. Macy, Portland.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, Thornton, Buttler and Joseph, Judges, and Peterson, Judge Pro Tempore.*

## THORNTON, J.

*Peterson, J., did not participate in this decision.

**THORNTON, J.**

This is an appeal from a traffic conviction for driving while suspended. ORS 487.560. The issue presented by the defendant is whether the trial court erred in admitting into evidence that portion of the certified copy of the order suspending defendant's operator's license which stated that the order was in effect on the date that defendant was cited.

Defendant argues that the insertion in the certified copy of a statement that "our records [Motor Vehicle Division] reveal this order was in effect on 4/30/78"[1] was hearsay and improper and therefore requires that the conviction be set aside.

Defendant was stopped by an officer for the offense of violating the "basic rule." She had a valid Washington driver's license, but her Oregon license had been suspended for failure to appear on an earlier citation. Defendant was tried and convicted on December 6, 1978, by the court sitting without a jury.[2]

At trial, the arresting officer was the only witness for the state. Defendant did not present any witnesses.

The state concedes that in some instances a summary of official records does not come within the

---

[1] The entire certification reads as follows:

"The undersigned, being duly appointed and having within my custody the records of the Motor Vehicles Division of the Department of Transportation of Oregon, hereby certifies that the foregoing copy of a suspension order has been compared by me with the original on file in the Motor Vehicles Division and that it is a correct transcript therefrom and of the whole thereof and that our records reveal this order was in full effect on *4-30-78* and was mailed to the official address of record as recorded on the Motor Vehicles Division records.

"Signed under the seal of the Division this 24th day of August, 1978.

ADMINISTRATOR, MOTOR VEHICLES DIVISION

BY /s/ J. V. Rupp"

[2] ORS 482.050 provides, inter alia, that a license issued in another state shall not constitute authorization for a person to operate a motor vehicle in this state during a period of suspension or revocation of his license by this state.

public records exception to the hearsay rule. ORS 43.330(1).[3] This is so where the summary necessarily requires conclusions involving the exercise of discretion or matters of opinion. However, the state argues that where, as here, the challenged writing involves only a factual statement of what the records themselves reflect, such records should be admissible. Further, the state avers that the recitation that the instant order was entered on a certain day and was still in effect involves no discretion or opinion of the writer but is merely a recitation of what the records themselves show.

Because of the disposition we make of this case, we need not decide the above issue.

The applicable statute is ORS 482.580, which provides:

"Notwithstanding the provisions of subsection (1) of ORS 43.330, proof of the order of suspension may be made by submitting to the court a copy of the order of suspension certified as a correct transcript thereof by an officer or employe of the division."

The introduction into evidence of a certified copy of the suspension order plus the testimony of the arresting officer establishes a prima facie case. *See State v. Lawrence,* 36 Or App 733, 736, 585 P2d 727 (1978); *State v. Nagel,* 30 Or App 495, 499, 567 P2d 585 (1977). Any contention by defendant that the suspension order was no longer in effect was a matter of defense. *See generally* ORS 161.055.[4] *See also State v. Moore,*

---

3
"Other official documents may be proved as follows:

"(1) Acts of the executive or administrative departments of this state and of the United States by the records of the departments, certified by the department heads; or by public documents prepared or printed by order of the Legislative Assembly, Congress, or by either house.

" * * * * *." ORS 43.330(1).

4
"(1) When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt.

247 NC 368, 101 SE2d 26 (1957). No such defense was made at trial.

Affirmed.

"(2) When a defense, declared to be an 'affirmative defense' by chapter 743, Oregon Laws 1971, is raised at a trial, the defendant has the burden of proving the defense by a preponderance of the evidence.

"(3) The state is not required to negate a defense as defined in subsection (1) of this section unless it is raised by the defendant. 'Raised by the defendant' means either notice in writing to the state before commencement of trial or affirmative evidence by a defense witness in the defendant's case in chief." ORS 161.055.