Argued and submitted September 5, 2001, reversed and remanded August 14, petition for review denied November 19, 2002 (335 Or 90)

## STATE OF OREGON,
*Appellant,*

*v.*

## JAMES RAY REYNOLDS,
*Respondent.*

## 00-03-32383; A110613

51 P3d 684

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

John P. Manning argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals a pretrial order allowing a demurrer to an indictment that charged defendant with felony assault in the fourth degree. At issue is whether the indictment impermissibly alleged that defendant previously had been convicted of assaulting the same victim. According to defendant, including that allegation violates a statutory prohibition on mentioning a prior conviction, unless the conviction is a material element of the crime charged. According to the state, the allegation is permissible, because it is a material element of felony assault in the fourth degree. We agree with the state and reverse and remand.

The relevant facts are not in dispute. The indictment charges defendant with two counts of felony assault in the fourth degree:

"Count 1

"Felony Assault in the Fourth Degree

"The said defendant, on or about March 06, 2000, in the County of Multnomah, State of Oregon, did unlawfully and intentionally, knowingly and recklessly cause physical injury to [victim], and the said defendant has previously been convicted of assaulting [victim], contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

"Count 2

"Felony Assault in the Fourth Degree

"The said defendant, on or about February 22, 2000, in the County of Multnomah, State of Oregon, did unlawfully and intentionally, knowingly and recklessly cause physical injury to [victim], and the said defendant has previously been convicted of assaulting [victim], contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

Defendant filed a demurrer to the indictment, arguing that both counts are legally defective in that they violate ORS 132.540(2), which provides:

"The indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject the defendant to enhanced penalties, except where the conviction constitutes a material element of the crime charged."

Defendant argued that the allegation that he previously had been convicted of assaulting the victim is not a "material element" of the crime charged, but, instead, is merely a sentencing enhancement factor.

The state argued that, under ORS 163.160, the prior conviction is a "material element" of fourth-degree assault. That statute provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]

"* * * * *

"(2) Assault in the fourth degree is a Class A misdemeanor.

"(3) *Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:*

"(a) *The person has previously been convicted of assaulting the same victim;*

"(b) The person has previously been convicted at least three times under this section or under equivalent laws of another jurisdiction and all of the assaults involved domestic violence * * *; or

"(c) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim."

(Emphasis added.) The state argued that, if it does not prove the prior convictions, it will have failed to prove that defendant committed *felony* assault in the fourth degree. Therefore, the state argued, the allegations are material and not subject to the prohibition of ORS 132.540.

The trial court concluded that defendant was correct in asserting that the existence of a prior conviction is not a material element of the offenses charged and dismissed the indictments.

■       On appeal, the state reiterates its contention that the allegations concerning defendant's prior conviction is a material element to the crimes charged. Defendant likewise reiterates the position that he advanced at trial. We are thus required to address two issues, namely, what the statute means by "material element" and what is the crime charged.

■       We begin with the meaning of "material element" as the term is used in ORS 132.540(2). An "element" generally refers to "one of the constituent parts, principles, materials or traits of anything." *Webster's Third New Int'l Dictionary*, 734 (unabridged ed 1993). In the criminal law, it commonly—and somewhat more narrowly—refers to "those constituent parts of a crime which must be proved by the prosecution to sustain a conviction." *Black's Law Dictionary*, 467 (5th ed 1979). Something is "material" if it is "of real importance or great consequence * * * essential * * * relevant, pertinent." *Webster's* at 1392. In the law, the term—again somewhat more narrowly—describes allegations that are "essential to the claim or defense, and which could not be stricken from the pleading without leaving it insufficient." *Black's* at 880.

In a sense, the term "material element" in its legal usage is something of a redundancy. If an allegation is truly an "element" of a crime, by definition, it is "material." But the point of the legislature's use of the term seems clear enough: A "material element" is one that the state *must* prove to establish the crime charged.

That is the way that the courts of this state have construed the term in other contexts. In *State v. Russell*, 231 Or 317, 319, 372 P2d 770 (1962), for example, the court explained that whether an element in an indictment "is material depends upon whether the word can be struck from the indictment without rendering the pleading vulnerable to demurrer on the ground that it no longer states a crime." Similarly, in *State v. Newman*, 179 Or App 1, 39 P3d 874 (2002), we addressed the question whether a variance between an allegation and the proof at trial is "material." We

explained that the answer depends, in part, on whether the variance concerns a "material element of the crime." *Id.* at 7. Citing *Russell* and *State v. Long*, 320 Or 361, 885 P2d 696 (1994), *cert den* 514 US 1087 (1995), we said that whether an element is material depends on whether it may be struck from the indictment without rendering it subject to demurrer. *Id.* at 7 n 6, 8-9.

We conclude that a "material element," as that term is used in ORS 132.540(2), refers to an element that is necessary to state the crime charged; if, when the element is struck, the indictment still states the crime charged, then the element is not "material" within the meaning of the statute.

There remains the issue of what is the particular crime charged in this case. According to the state, the crime charged is *"felony* assault in the fourth degree." According to defendant, the crime charged is "assault in the fourth degree." He argues that the allegation of a previous conviction "typically" affects only the sentence and does not establish a separate crime.

Merely because the fact of a prior conviction "typically" is a sentence enhancement factor and not an element of a separate offense does not mean that such an allegation *cannot* establish a separate offense. The law, in fact, is to the contrary. In *State v. Hoover*, 219 Or 288, 347 P2d 69 (1959), for example, the defendant was charged with violating ORS 166.270, which makes it unlawful for a person who had been convicted of certain felonies to possess a firearm. The indictment alleged that the defendant had formerly been convicted · of automobile theft. The defendant demurred to the indictment, arguing that, under ORS 132.540(2), the allegation was impermissible. Interestingly, the version of ORS 132.540(2) then in effect did not contain the "material element" exception that it now does. The court nevertheless held that the latter statute was never intended to apply when a prior conviction happens to be a material element of the crime. *Id.* at 311-12.

More to the issue at hand, in *State v. Early*, 180 Or App 342, 43 P3d 439, *rev den* 334 Or 260 (2002), the defendant was charged with felony driving while suspended or revoked. Driving while suspended or revoked may be a felony

or a misdemeanor, depending on whether the suspension or revocation resulted from any of a list of circumstances spelled out in the relevant statute. In that case, the indictment did not specify the circumstances and said only that the defendant "feloniously" drove while his driving privileges were revoked. The defendant argued that the indictment was legally insufficient, because it failed to specify the particular basis of the underlying revocation of his driving privileges. We began by agreeing with the defendant that a fact that elevates a crime to a felony is a material element of a separate crime:

> "That is so because, under the pertinent statutes, the offense of driving while suspended or revoked can be a violation, a misdemeanor, or a felony, each carrying different statutory maximum penalties depending on the circumstances that resulted in a defendant's suspended or revoked status. *In effect, the statutes established three separate crimes* or 'acts' that the state could and did single out for separate punishments."

*Id.* at 346-47 (emphasis added). We went on to conclude, however, that it was not necessary to specify precisely which circumstance resulted in the revocation; instead, we concluded that the allegation that the defendant had "feloniously" driven while revoked was sufficient to provide him notice of the charge. *Id.*; *see also State v. Maxwell*, 165 Or App 467, 477-78, 998 P2d 680 (2000) (allegation that the defendant "feloniously" engaged in stalking was sufficient where statute provided that felony stalking required proof of a prior stalking conviction).

This case is directly analogous to *Early*. Assault in the fourth degree may be a misdemeanor or a felony depending on whether there is proof of an additional fact, in this case, that a defendant previously has been convicted of assaulting the same victim. Proof of that fact, in addition to the ordinary elements of assault in the fourth degree, establishes the separate crime of felony assault in the fourth degree.

Having established the meaning of "material element" and the identity of the crime charged, the disposition of the ultimate issue is straightforward. If the allegation of

the previous conviction is struck, does the indictment in this case still state the crime of felony assault in the fourth degree? The answer is clearly no; the statute provides that a necessary predicate to the crime of felony assault in the fourth degree as provided in ORS 163.160(3)(a) is that the defendant previously have been convicted of assaulting the same victim.[1]

Defendant insists that, under *State v. Stevens*, 11 Or App 303, 502 P2d 612 (1972), and *State v. Allen*, 30 Or App 275, 567 P2d 552 (1977), we are required to conclude that it is impermissible to include the allegation of his prior conviction. Defendant is mistaken. Neither of those decisions relied on the current version of ORS 132.540(2).

In *Stevens*, this court upheld the trial court's decision to allow a demurrer to an indictment for criminal activity in drugs that included an allegation of a prior conviction for a narcotic drug offense. As charged, the crime was a Class B felony; without the allegation of the prior conviction, it would have been a Class A misdemeanor. At the time that *Stevens* was decided, ORS 132.540(1)(f) (1971) prohibited inclusion of a previous conviction "that might subject [the defendant] to enhanced penalties," and contained no exception when the previous conviction is a material element of the crime charged. Applying the plain wording of the statute, we held that the allegation was improper. In the absence of the "material element" exception that was later added to the statute, however, *Stevens* says nothing of relevance to this case.

Similarly, in *Allen*, the defendant was charged with driving while suspended, and the complaint alleged that his driving privileges were suspended based on a prior conviction for driving under the influence. That allegation elevated the offense from a Class A misdemeanor to a Class C felony. The

---

[1] If the indictment had alleged both that defendant "feloniously" assaulted the victim and that he previously had been convicted of assaulting her, it could be argued that the specific allegation concerning the prior conviction could be deleted without affecting the legal sufficiency of the indictment. That is because, under *Early*, the allegation that he "feloniously" assaulted the victim operates as a sort of shorthand for the more specific allegation concerning the prior convictions. But that does not mean that the prior conviction no longer is material. It means only that there are, in effect, two ways to allege the same material fact.

trial court allowed a demurrer to the complaint, and this court affirmed. We held that, because the defendant was charged by complaint, ORS 132.540 did not even apply. Instead, we held that ORS 133.007(2) governed. That statute was substantially identical to the statute at issue in *Stevens* and contained no "material element" exception to the prohibition on including allegations of prior convictions. Thus, *Allen* says nothing that is relevant to this case.

We conclude that, for the purpose of ORS 132.540(2), the allegation that defendant previously had been convicted of assaulting the victim was a material element of the crime of felony assault in the fourth degree. The trial court therefore erred in allowing defendant's demurrer.

Reversed and remanded.