Argued and submitted August 27, affirmed November 13, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# JIM B. McCOIN,
*Appellant.*

## MI000250; A115646

79 P3d 342

David E. Groom, Acting Executive Director, Office of Public Defense Services, and Jennelle Meeks Barton, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant was arrested for driving under the influence of intoxicants (DUII). Because he had been convicted of misdemeanor DUII on six previous occasions, he was charged with felony DUII. ORS 813.010(5).[1] Defendant pleaded no contest to that charge and the trial court found him guilty. ORS 813.012(2) provides that, in determining the criminal history score for a person convicted of felony DUII, every two prior misdemeanor DUII convictions are to be counted as one person felony. In accordance with that statute, the trial court treated defendant's six previous misdemeanor DUII convictions as three felony convictions, and it sentenced him to 27 months' imprisonment under the sentencing guidelines grid.[2]

On appeal, defendant argues that, as a matter of statutory construction, ORS 813.012(2) must be interpreted to provide that the previous convictions that were a necessary element of the felony DUII charge are not also counted in his criminal history score. He also contends that the use of his previous convictions to elevate the DUII charge to a felony and, separately, to calculate his criminal history score violates the former jeopardy provisions of Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution. We review for errors of law, ORS 138.222(4)(a), and affirm.[3]

■　We begin with defendant's statutory argument, which concerns the meaning of ORS 813.012(2). Defendant asserts that the trial court's construction of that statute is erroneous because it results in "double counting," or using the same facts to increase both the seriousness of the charge and the severity of the sentence. To discern the legislature's

---

[1] ORS 813.010(5) provides, in part, that "[d]riving while under the influence of intoxicants is a Class C felony if the defendant has been convicted of driving under the influence of intoxicants * * * at least three times in the 10 years prior to the date of the current offense and the current offense was committed in a motor vehicle."

[2] Felony DUII is scored a six on the crime seriousness scale of the sentencing guidelines grid. ORS 813.012(1). Three prior person felony convictions result in an "A" criminal history ranking. OAR 213-004-0007.

[3] Defendant also argues that his sentence violates his due process rights under the Fourteenth Amendment to the United States Constitution. Defendant failed to preserve that argument at trial, and we decline to address it on appeal.

intent, we consider the statute's text in its context and, if necessary, legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 813.012 provides:

"(1) The Oregon Criminal Justice Commission shall classify a violation of ORS 813.010 that is a felony as crime category 6 of the rules of the Oregon Criminal Justice Commission.

"(2) In determining criminal history for a person convicted of a felony that has operation of a motor vehicle as an element * * *, the commission shall:

"(a) Consider two prior convictions of misdemeanor driving while under the influence of intoxicants to be equivalent to one conviction of felony driving while under the influence of intoxicants; and

"(b) Consider felony driving while under the influence of intoxicants to be a person felony * * *."[4]

Defendant does not contend that the text of ORS 813.012(2) by itself is ambiguous. Instead, he argues that two possible interpretations emerge when the statute is read together with ORS 813.010(5). According to defendant, one interpretation would require courts to apply both statutes literally, that is, to use three prior DUII convictions both to elevate the seriousness of the current offense to a felony under ORS 813.010(5) and to increase a defendant's criminal history score under ORS 813.012(2). Defendant contends that the legislature could not have intended that result because, he asserts, using the prior convictions for both purposes would be irrational. Thus, he proposes a second interpretation, urging us to import an exception into ORS 813.012(2) so that the three prior convictions used to elevate the offense to a felony are not counted in determining the applicable criminal history score.

In support of his position, defendant relies on our construction of a similar statutory scheme in *State v. Howe*, 26 Or App 743, 554 P2d 605 (1976). In *Howe*, the defendant's use of a firearm during a robbery resulted in the elevation of his conviction to first-degree robbery[5] and the enhancement

_____

[4] OAR 213-004-0009 implements the requirements of ORS 813.012.

[5] A theft is classified as third-degree robbery if the defendant used or threatened to use physical force, ORS 164.395, second degree if the defendant

of his sentence under *former* ORS 166.230 (1973)[6] based on the commission of a felony with a firearm. *Id.* at 746. We concluded:

> "If a person who violated ORS 164.415(1)(a) by using a firearm during a robbery were also subject to the enhanced penalty provided by ORS 166.230, his possible punishment would have been increased twice by substantial increments because of exactly the same conduct. *We cannot imagine that the legislature intended this.* The inescapable conclusion is that, in the course of the 1971 criminal code revision that produced the present robbery statutory scheme, the legislature overlooked the existence of ORS 166.230. Therefore, we hold that a person convicted of violating ORS 164.415(1)(a) because of use of a firearm is not subject to the enhanced penalty provided by ORS 166.230."

*Id.* at 747 (emphasis added). In defendant's view, three of his prior DUII convictions were necessary elements of felony DUII and, thus, under *Howe*, it is inconceivable that the legislature intended to authorize the trial court to count them again in determining his criminal history score.

Defendant's reliance on *Howe* is misplaced. In that case, we construed the statutes at issue without applying the interpretive principles later established in *PGE*. We did not consider whether the statutes were ambiguous; instead, we concluded that applying both led to an unreasonable result. In doing so, we "relied on the absurd-result maxim to 'look beyond the [literal import of] the words of the act.' " *Young v. State of Oregon*, 161 Or App 32, 37, 983 P2d 1044, *rev den*, 329 Or 447 (1999) (quoting *Johnson v. Star Machinery Co.*, 270 Or 694, 703-04, 530 P2d 53 (1974)) (brackets in *Young*). As we explained in *Young*, "*PGE* created a different methodology that is inconsistent with the approach used in * * * earlier cases." *Young*, 161 Or App at 37.

> "*PGE* instructs that the legislative power includes the authority to write a seemingly absurd law, so long as the intent to do that is stated clearly. Thus, to the extent that *PGE* established a statutory-construction methodology that

---

represented that he or she was armed with a dangerous or deadly weapon, ORS 164.405, and first degree if he or she actually was armed with a dangerous or deadly weapon, ORS 164.415.

[6] *Former* ORS 166.230 (1973), *repealed by* Or Laws 1979, ch 779, § 7.

is inconsistent with cases that predate *PGE*'s publication date, *PGE* controls. Moreover, because *PGE* relegated the absurd-result maxim to the third level of statutory analysis, under that methodology an ambiguity must be identified at the first and second levels before we may even consider the [proponent's absurd-results] argument."[7]

*Young,* 161 Or App at 38 (citations omitted). Because, in *Howe,* we did not consider whether the questioned statutes were ambiguous before applying the absurd results maxim, our reasoning in that case does not control here.

Accordingly, we analyze ORS 813.012(2) under the *PGE* methodology. The best evidence of legislative intent is the statutory text itself. *State v. Barrett,* 331 Or 27, 32, 10 P3d 901 (2000). By its terms, ORS 813.012(2) provides that, in determining the criminal history score of persons convicted of felony DUII, the court shall consider every two previous misdemeanor DUII convictions to be equivalent to one person felony conviction. It does not expressly—or even implicitly—contemplate exclusion of the first three convictions from a defendant's criminal history score. Nor, contrary to defendant's assertion, does ORS 813.010(5) provide contextual evidence of a different legislative intent. It is true that that statute provides, in effect, that the existence of three previous DUII convictions constitutes a material element of the offense of felony DUII. *See State v. Reynolds,* 183 Or App 245, 253, 51 P3d 684, *rev den,* 335 Or 90 (2002) (concluding that the crime of felony assault in the fourth degree is a distinct offense, a material element of which is the defendant's previous conviction of assaulting the same victim). However, nothing in the text of that statute—or any other statute that has come to our attention—suggests that the legislature intended that a defendant's first three convictions not be counted in determining his or her criminal history score. Engrafting such a limitation onto the statute would violate the legislature's admonition that courts are "not to insert what has been omitted" from a statute. ORS 174.010. Accordingly, we decline to do so. We conclude that the text of

---

[7] For the same reason, defendant's argument that we must construe ORS 813.012(2) to avoid contravening the double jeopardy clause is unavailing: Under *PGE,* construing statutes to avoid unconstitutionality also occurs only at the third level of analysis.

ORS 813.012(2), in context, unambiguously provides that all previous DUII convictions must be counted in a defendant's criminal history score. Because the trial court did not err in construing that statute, we turn to defendant's constitutional arguments.

■ We initially address the state's contention that defendant failed to preserve those arguments for appeal. At his sentencing hearing, defendant objected that he was being punished twice for the same offense. He asserted that "double counting is improper both under Oregon law * * * as well as the Oregon Constitution and the Federal Constitution * * *." Although defendant did not specifically identify Article I, section 12, or the Fifth Amendment, in the context in which he cited the Oregon and United States constitutions, the import of his objection was sufficiently clear to preserve his constitutional argument for appeal. *See State v. Wyatt,* 331 Or 335, 343, 15 P3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."); *State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988) (stating that preserving an issue is more important than identifying a particular source for the claimed position). We turn to the merits of that argument.

■ Defendant argues that the use of his prior convictions to elevate his current offense to a felony and to calculate his criminal history score constituted both an additional punishment for the previous offenses and cumulative punishments for his current offense. Defendant contends that, in both respects, he suffered multiple punishments in violation of double jeopardy principles. *See City of Lake Oswego v. $23,232.23 in Cash,* 140 Or App 520, 528, 916 P2d 865, *rev den,* 324 Or 322 (1996) ("Double jeopardy prohibits multiple prosecutions as well as multiple punishments."). For the following reasons, we disagree.

Article I, section 12, of the Oregon Constitution provides, "No person shall be put in jeopardy twice for the same offense." The Fifth Amendment to the United States Constitution provides, in part, "No person shall * * * be subject for

the same offense to be twice put in jeopardy of life or limb[.]" The double jeopardy clause of the Fifth Amendment prohibits both successive prosecutions and multiple punishments for the same offense, but it does not preclude enhanced punishment for an offense based on recidivist conduct. *See Witte v. United States*, 515 US 389, 400, 115 S Ct 2199, 132 L Ed 2d 351 (1995) (stating that, "[i]n repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one' " (citations omitted)). That principle flows from the recognition that enhancement statutes, whether in the nature of criminal history provisions or recidivist statutes, do not change the penalty imposed for the earlier conviction. *United States v. Watts*, 519 US 148, 157, 117 S Ct 633, 136 L Ed 2d 554 (1997).

The Oregon Supreme Court followed similar reasoning in considering a challenge to a recidivism statute. In *State v. Smith*, 128 Or 515, 273 P 323 (1929), the court discussed at length the history and purpose of the original Habitual Criminal Act. In holding that the Act did not violate double jeopardy principles, the court said:

> " 'The increased punishment for a second offense does not put the doer a second time in jeopardy for the first, so as to violate our constitutions. The augmented punishment is for persisting in wrong by repeating the crime. The former conviction is not an integral part of the second or new offense. The law merely imposes a longer sentence because of the former conviction, but does not again prosecute or punish for it.' "

*Id.* at 524 (quoting Joel Prentiss Bishop, 1 *Criminal Law* § 965 (9th ed 1923)).

Accordingly, we conclude that ORS 813.012(2) does not impose a separate punishment for defendant's prior DUII offenses in violation of the Fifth Amendment or Article I, section 12.

■■    Nor does that statute unconstitutionally violate double jeopardy principles by enhancing defendant's criminal history score based on conduct that also elevated the seriousness of the current offense to a felony. The United States Supreme Court has stated that, with respect to cumulative punishments imposed in a *single trial*, "the question of what punishments are constitutionally permissible [under the double jeopardy clause] is not different from the question of what punishment the Legislative Branch intended to be imposed." *Albernaz v. United States*, 450 US 333, 344, 101 S Ct 1137, 67 L Ed 2d 275 (1981). It follows that, subject to any other applicable constitutional limits, the legislature can authorize whatever sentence—and the means of calculating it—that it deems fit for a particular crime. In other words, double jeopardy precludes the multiple use of the same facts to prove an element of the current offense and to enhance the defendant's sentence for that offense only if the legislature intended to prohibit such double usage.

In *State v. Welch*, 264 Or 388, 391, 505 P2d 910 (1973), a case involving multiple sentences on multiple convictions, the court explained:

" 'Double jeopardy does not occur unless a man is tried twice; it takes two trials to raise the issue. This is not as obvious as it sounds. Defendants being tried for the first time continually insist that the prosecutor, by joining several overlapping offenses in separate counts in one indictment, is violating the prohibition against double jeopardy. They are even more insistent that they are subjected to double jeopardy when they have been convicted on more than one count and receive cumulative penalties aggregating more than the most severe sentence on one count.

" 'A defendant may be right in his conclusion that such cumulation of penalties is improper, but he is mistaken in thinking that it is double jeopardy. The true reason why he is right is that double punishment is not permissible under the applicable statutes, *i.e.*, the legislature did not intend him to be sentenced on more than one count * * *.' "

(Quoting Walter T. Fisher, *Double Jeopardy: Six Common Boners Summarized*, 15 UCLA L Rev 81, 86 (1967).)

Although *Welch* involved a somewhat different problem, its reasoning is instructive here. In this case, the trial court did not exceed its statutory authority either in convicting defendant of felony DUII or in calculating his criminal history score for that offense. The texts of the pertinent provisions authorizing defendant's conviction and sentence are unambiguous. *See* ORS 813.010(5); ORS 813.012; OAR 213-004-0009. Moreover, the purported punishments in this case were imposed in the course of a single trial and sentencing for felony DUII. The dual consideration of defendant's previous convictions in determining the severity of his punishment for his current offense therefore did not offend the constitutional protections against double jeopardy.

Affirmed.