Submitted on record and briefs February 22, affirmed September 27, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# CHARLES RAY EADES, JR.,
*Appellant.*

## 03CR0600; A123564

144 P3d 1003

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jennelle Meeks Barton, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

Defendant was convicted of felony driving under the influence of intoxicants (DUII). ORS 813.010. The trial court sentenced him to 30 months' imprisonment plus 24 months' post-prison supervision and ordered him to pay a $2,000 fine. Defendant appeals, challenging the lawfulness of his sentence in several respects. We affirm.

Defendant first contends that the trial court erred in counting his prior DUII convictions when calculating his criminal history score for sentencing purposes, as it already had counted those prior convictions as elements of the felony DUII charge. We decided precisely that issue adversely to defendant in *State v. McCoin*, 190 Or App 532, 79 P3d 342 (2003), *rev den*, 336 Or 422 (2004). Defendant argues that *McCoin* was wrongly decided. We decline the invitation to reconsider the decision.

Defendant next contends that the trial court erred in imposing a fine of $2,000. According to defendant, ORS 813.010(6)(c) authorizes the imposition of such a fine only if a defendant is not sentenced to a term of imprisonment. Defendant acknowledged that he did not preserve the objection but urges us to review it as plain error.

We may review an unpreserved claim of error only if it qualifies as an "error apparent on the face of the record," ORAP 5.45(1), also known as "plain error." *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001). An error may be regarded as "plain" if it is an error of law, appears on the face of the record, and is "obvious, not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). If the error qualifies as "plain," we must then determine whether it is appropriate under the circumstances to exercise our discretion to correct it. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

In this case, the purported error is one of law; it is purely a matter of statutory construction. Moreover, it appears on the face of the record. It is not, however, obvious or beyond reasonable dispute.

ORS 813.010(6) provides:

"In addition to any other sentence that may be imposed, the court shall impose a fine on a person convicted of driving while under the influence of intoxicants as follows:

"(a)   For a person's first conviction, a minimum of $1,000.

"(b)   For a person's second conviction, a minimum of $1,500.

"(c)   For a person's third or subsequent conviction, a minimum of $2,000 if the person is not sentenced to a term of imprisonment."

Defendant acknowledges that—at least if we reject his other assignments of error—this was his "third or subsequent conviction" for DUII. He nevertheless argues that the trial court plainly lacked authority to impose a fine of $2,000 because the statute authorizes the imposition of such a fine only "if the person is *not* sentenced to a term of imprisonment." (Emphasis added.) In this case, defendant argues, the trial court could not lawfully impose a fine because the court already had sentenced him to 30 months' imprisonment.

The statute, however, refers to *minimum* fines that a court is required to impose. Moreover, it states that those minimum fines are "[i]n addition to any other sentence that may be imposed[.]" The version of ORS 161.625 in effect at the time that defendant committed his offense provided that the trial courts are authorized to impose up to a $100,000 fine for any Class C felony, which includes felony DUII. At the very least, the foregoing statutes may be read reasonably to suggest that the trial court in this case was authorized, but not required, to impose the $2,000 fine. Accordingly, there is no "plain" error.

Defendant finally contends that the court erred in finding that he is ineligible for temporary leave, earned time sentence reductions, early and work release, or other forms of sentence modification on his felony DUII sentence. He argues that the trial court's determination runs afoul of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). He acknowledges that he did

not preserve that contention, but he asks that we review it as plain error. Our opinion in *State v. Clark*, 205 Or App 338, 134 P3d 1074, *rev den*, 341 Or 245 (2006), is dispositive of that contention adversely to defendant.

Affirmed.