Argued and submitted February 21, 2001, affirmed March 27, petition for review denied June 4, 2002 (334 Or 260)

## STATE OF OREGON,
*Respondent,*

*v.*

## CHARLES WESLEY EARLY,
*Appellant.*

## 98C52034; A105784

43 P3d 439

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, State Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

Defendant was charged with and convicted of felony driving while suspended or revoked (felony DWSR). ORS 811.182 (1997). On appeal, he argues that the indictment failed to state a crime because it did not allege the particular basis of the underlying suspension of his driving privileges. We affirm.

The indictment in this case charged that defendant had committed "the Criminal Offense(s) of: ORS 811.182 * * * DRIVING WHILE SUSPENDED - FELONY" and alleged that he did

> "unlawfully and *feloniously* drive a motor vehicle upon Sunnyview Road., N.E., Salem, Oregon, to-wit: a public highway, during a period when the defendant's driving privileges and right to apply for driving privileges were revoked by the Department of Transportation."

(Emphasis added.) At trial, defendant did not demur to or otherwise challenge the sufficiency of the indictment or move for a judgment of acquittal. He does so for the first time on appeal, however, claiming that the indictment failed to state facts sufficient to constitute the crime of felony DWSR. *See State v. Crampton*, 176 Or App 62, 66, 31 P3d 430 (2001) ("A defendant may raise for the first time on appeal a demurrer to an indictment on the ground of failure to state facts constituting an offense, as provided in ORS 135.630(4)."). Because defendant's ability to raise his challenge on appeal is coextensive with an analysis of the merits of his challenge, we turn to that issue.

To better understand the parties' arguments, we begin with an overview of the statutes that penalize persons who drive while either suspended or revoked. ORS 811.175 (1997)[1] describes the basic offense of DWSR, making it an infraction for a person to drive a motor vehicle on a highway "during a period when the person's privileges or right to apply for driving privileges have been suspended or revoked

---

[1] The legislature amended the relevant statutes after defendant committed the acts that resulted in the charge in this case. Or Laws 1999, ch 1049, § 7; Or Laws 1999, ch 1051, § 90. All citations therefore are to the 1997 versions of the statutes.

in this state by a court or by the Department of Transportation." Under ORS 811.182 (1997), a person commits the offense of "criminal" driving while suspended if the person violates ORS 811.175 *and* the underlying suspension or revocation is among those described in either subsection (3) or subsection(4) of the statute. Those subsections, in turn, make criminal DWSR either a felony or a misdemeanor offense, depending on the circumstances that gave rise to the predicate suspension or revocation. For example, the crime is a Class C felony if the suspension or revocation resulted from any degree of murder, manslaughter, criminally negligent homicide, or assault resulting from operation of a motor vehicle. ORS 811.182(3)(b).[2] Likewise, the crime is a Class C felony if the revocation was for driving under the influence of

---

[2] ORS 811.182 (1997), describing felony DWSR, provided, in part:

"(1) A person commits the offense of criminal driving while suspended or revoked if the person violates ORS 811.175 and the suspension or revocation is one described in this section, or if the hardship or probationary permit violated is based upon a suspension or revocation described in subsection (3) or (4) of this section.

"* * * * *

"(3) The crime is a Class C felony if the suspension or revocation resulted from any of the following:

"(a) Habitual offender status under ORS 809.640.

"(b) Any degree of murder, manslaughter, criminally negligent homicide or assault resulting from the operation of a motor vehicle.

"(c) Any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle.

"(d) Failure to perform the duties of driver under ORS 811.705.

"(e) Reckless driving under ORS 811.140.

"(f) Fleeing or attempting to elude a police officer under ORS 811.540.

"(g) Driving while under the influence of intoxicants under ORS 813.010.

"(h) Use of a commercial motor vehicle in the commission of a crime punishable as a felony.

"(4) The crime is a Class A misdemeanor if the suspension or revocation is any of the following:

"(a) A suspension under ORS 809.410(2) * * *.

"(b) A revocation under ORS 809.410(3) * * *.

"(c) A suspension under ORS 813.410 * * *[.]

"* * * * *

"(d) A suspension of a commercial driver license * * * under ORS 809.410(18) * * *.

"(e) A suspension of a commercial driver license under ORS 809.400(3)(b) * * *."

intoxicants. ORS 811.182(3)(g). The crime is a Class A misdemeanor, however, if, for example, the underlying suspension was due to a refusal to take a breath or a blood test when required to do so under the implied consent statute, ORS 813.100, or the suspension was due to the commission of menacing or criminal mischief resulting from the operation of a motor vehicle. ORS 811.182(4)(a), (c).

On appeal, defendant challenges the indictment as insufficient because it merely pleaded that he "feloniously" drove during a period when his driving privileges were suspended in this state. Relying in part on *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), defendant argues that the state must plead the specific facts that bring the suspension within the circumstances specified in ORS 811.182(3), thus elevating the crime to a felony. In response, the state agrees that it was required to plead that the offense was a felony-level DWSR, rather than a violation- or misdemeanor-level DWSR, and that it was required to prove the elevating fact to the trier of fact. But the state contends that it met its pleading obligation by alleging in the indictment that the offense was committed "feloniously." Defendant's real complaint, according to the state, is that the state did not plead the elevating factor with sufficient specificity, which is an issue that defendant was obligated to raise at trial and cannot raise for the first time on appeal. *See Crampton*, 176 Or App at 66 n 2. For the following reasons, we agree with the state.

■ Under *Apprendi*, any fact, other than the fact of a prior conviction, that elevates an offense from one level to a higher level carrying a greater statutory maximum penalty must be pleaded in the charging instrument and must be proved to the trier of fact. 530 US at 490. We therefore agree with the parties that *Apprendi* requires a defendant charged with felony DWSR to be placed on notice through the charging instrument that the state intends to prove the existence of an aggravating or enhancing factor that elevates ordinary DWSR (a violation) to felony DWSR, and that the state must then present proof of that factor to a jury. That is so because, under the pertinent statutes, the offense of driving while suspended or revoked can be a violation, a misdemeanor, or a felony, each carrying different statutory maximum penalties

depending on the circumstances that resulted in a defendant's suspended or revoked status. In effect, the statutes established three separate crimes or "acts" that the state could and did single out for separate punishments.[3] *See Apprendi*, 530 US at 476 (explaining that, under the New Jersey scheme at issue, possession of a weapon and "selection of victims with purpose to intimidate" were separate "acts" singled out for separate punishments; the procedural safeguards relating to indictment and proof were applicable to each act).

Unlike the defendant in *Apprendi,* however, defendant in this case was not indicted for a lesser offense and then convicted and punished for an aggravated one. Rather, defendant was charged with and punished for only one of the "acts" encompassed within ORS 811.175 and ORS 811.182, namely, felony DWSR. The essential question for our resolution, then, is whether charging a defendant with "feloniously" driving while suspended is sufficient to provide the defendant with adequate notice of the charge, or whether the state must more specifically allege one or more of the various factual circumstances listed in ORS 811.182(3) that elevate what would otherwise be a violation to a felony.

█ █   The functions of an indictment are (1) to inform the defendant of the nature of the crime with sufficient particularity to enable him or her to prepare a defense; (2) to identify the crime so as to provide protection against further prosecution based on the same crime (*i.e.*, to secure the defendant's double jeopardy rights); and (3) to inform the court of the facts charged so that it may determine whether they are sufficient to support a conviction. *State v. Montez*, 309 Or 564, 596-97, 789 P2d 1352 (1990) (citing *State v. Cohen,* 289 Or 525, 529, 614 P2d 1156 (1980)). Here, the indictment was captioned "ORS 811.182 * * * DRIVING WHILE SUSPENDED - FELONY," and it alleged that defendant "feloniously" drove a motor vehicle on a public highway during a period when defendant's driving privileges and right to apply for driving privileges were revoked by the Department

---

[3] The legislature could have, but was not required to, set those offenses out in separate provisions and/or could have denominated them as offenses of specified degrees, such as DWSR in the first and second degrees.

of Transportation. The allegation that defendant "feloniously" drove while revoked was itself the fact that exposed defendant to the "increased" penalty—at least in comparison to the separate offenses of violation and misdemeanor DWSR—for that offense. Such an allegation, especially when coupled with the statutory citation in the caption, put defendant on notice that he was charged with the felony crime, as aggravated or enhanced by proof of one or more of the factors enumerated in ORS 811.182(3). *See generally Crampton*, 176 Or App at 66-69 (although lack of a license to carry concealed firearm was element of crime, indictment adequately alleged that fact by alleging that firearm was carried unlawfully and by listing statute specifying elements in caption).

Thus, this is not a case in which the indictment fails altogether to allege the elements necessary to state a felony crime. Under the rule announced in *Apprendi*, the fact that defendant's predicate suspension was imposed based on one of the underlying circumstances described in ORS 811.182(3) is an element of felony DWSR. But *which* of the several specific circumstances listed in the statute is not itself a material element of the crime. Accordingly, the failure to allege the circumstance that gave rise to the suspension does not mean that the indictment failed to state a crime. *See State v. McCartney*, 65 Or App 766, 672 P2d 1210 (1983), *rev den* 296 Or 638 (1984) (indictment charging felony DWSR under former statute provided adequate notice of enhanced charge by alleging that defendant did "feloniously drive a motor vehicle"; specific enhancing factor did not have to be alleged).[4] Rather, the specific facts of an offense are to be provided in discovery, not in lengthy factual recitations in indictments. *See State v. Wright*, 167 Or App 297, 306-11, 999 P2d 1220,

---

[4] We also held in *McCartney* that, under the predecessor statute to ORS 811.182, the underlying bases of a suspension set out in the subsection providing for felony DWSR "merely enhance the penalty" from a Class A misdemeanor to a Class C felony, that the enhancing factor was not an element of a "separate crime," and that the particular factor at issue in that case (habitual offender status) was to be considered only at sentencing in order to avoid prejudice to the defendant. 65 Or App at 770. That portion of our discussion in *McCartney* does not comport with *Apprendi* or our reasoning here. As we conclude in this case, under the current statute, the state must sufficiently plead the aggravated offense and must prove the basis for the aggravation to the jury's satisfaction. But just as the pleading in *McCartney* gave the defendant "adequate notice that he was charged with an enhanced penalty offense," *id.*, so too does the pleading in this case.

*mod on recons* 169 Or App 78, 7 P3d 738, *rev den* 331 Or 334 (2000) (reviewing cases); *State v. Shadley / Spencer / Rowe*, 16 Or App 113, 123, 517 P2d 324 (1973). Nothing in *Apprendi* requires, as a sufficient allegation of the crime for which defendant was charged, any more than the allegation here.

■ We therefore agree with the state that the indictment in this case was minimally adequate to state the crime of felony DWSR. Beyond that, defendant's challenge amounts to one that the indictment was not sufficiently definite and certain. *See State v. Sanders*, 280 Or 685, 572 P2d 1307 (1977) (analyzing whether, in addition to elements of offense, burglary indictment must allege specific crime that defendant intended to commit at time of unlawful entry). Even assuming, only for present purposes, that the indictment was subject to challenge on that ground, the challenge is not one that defendant can raise for the first time on appeal. Rather, a demurrer to an indictment on the ground that it is too vague because the state did not specifically plead the facts that elevated the crime to a felony offense under ORS 811.182(3) had to be raised in a timely fashion at trial. *Crampton*, 176 Or App at 66 n 2.

Affirmed.