Argued and submitted September 20, 2006, reversed and remanded for entry of conviction of misdemeanor violation of court stalking protective order January 3, 2007

# STATE OF OREGON,
*Respondent,*

*v.*

# KARL RAYMOND CLAYTON,
*Appellant.*

0209-35369; A123517

150 P3d 1078

Harrison Latto argued the cause and filed the briefs for appellant.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Linder, Judge pro tempore.

* Brewer, C. J., *vice* Ceniceros, S. J.

LINDER, J. pro tempore.

**LINDER, J. pro tempore**

Defendant appeals his conviction of felony violation of a court stalking protective order (VSPO), which can be charged and prosecuted as either a misdemeanor or felony, depending on whether a defendant has been previously convicted either of stalking or VSPO. ORS 163.750. Defendant argues that the evidence is insufficient to support the felony conviction; the state concedes that defendant is correct. We reverse and remand for entry of a conviction of misdemeanor violation of a court stalking protective order.

Defendant was tried by a jury. At the close of the state's case, defendant moved for a judgment of acquittal on the ground that the state failed to prove that he had been previously convicted of stalking or VSPO. In response, the prosecutor urged that the previous conviction was a sentencing enhancement factor and not an element of the state's proof that had to be presented to the jury. The prosecutor also asserted that she thought it was not necessary to produce a certified copy of the prior conviction because of a pretrial stipulation by defendant. The trial court determined that defendant's stipulation did not relieve the state from producing evidence of the prior conviction.[1] But the court agreed with the prosecutor that proof of that conviction was necessary only for purposes of sentencing, and it was not an element of the charge. The trial court therefore denied the motion for a judgment of acquittal.

After that ruling, the prosecutor moved to reopen the state's case. In support of the motion, the prosecutor asked to provide a certified copy of the prior conviction, which she evidently had in hand, "for the sake of preserving this case and this record." The trial court denied the motion to reopen, and gave two reasons for doing so. First, in the trial court's view, the prosecutor's mistake about defendant's pretrial stipulation was her own. Second, the trial court concluded that placing the prior conviction before the jury, if that conviction is

---

[1] The stipulation to which the prosecutor referred is not part of the record. From the colloquy between the trial court and counsel, it appears that defendant stipulated only to the existence and validity of a prior stalking protective *order* against him, not to a prior *conviction* for violating that order.

relevant only as a sentencing factor, would be highly prejudicial and defendant might have "an excellent appeal" of his conviction.

■        On appeal, defendant assigns error to the denial of his motion for a judgment of acquittal. The state, in response, concedes that no evidence of the prior conviction was placed before the jury, that such evidence is an element of the felony offense, and that the trial court therefore erred in denying defendant's motion. The state's concession is well-taken, and we accept it. *See State v. Reynolds*, 183 Or App 245, 253, 51 P3d 684, *rev den*, 335 Or 90 (2002) (prior conviction for assaulting same victim is a "material element" of felony assault in the fourth degree); *State v. Early*, 180 Or App 342, 346, 43 P3d 439, *rev den*, 334 Or 260 (2002) (factors that enhance driving while suspended to a felony rather than misdemeanor charge must be alleged and proved to factfinder).[2]

That conclusion does not end this case, however. The state cross-assigns error to the trial court's denial of its motion to reopen its case and urges that the appropriate relief is to reverse the judgment and remand to give the trial court the opportunity "to re-evaluate its discretionary ruling under a correct understanding of the law."[3] According to the state, "[t]he disposition of the state's cross-assignment of error makes moot defendant's assignment of error challenging the denial of the motion for judgment of acquittal." (Emphasis omitted.) The state then explains:

> "By remanding this case to the trial court for reconsideration of its denial of the state's motion to reopen, this court is sending this case back to a point in time *before* the

_____

[2] *See also State v. Hambrick*, 189 Or App 310, 314-16, 75 P3d 462 (2003) (defendant may not remove from jury's consideration the factual issue of whether he was previously convicted of assaulting the same victim for purposes of elevating fourth-degree assault to a felony by stipulating to the prior conviction); *State v. Hess*, 189 Or App 325, 326, 75 P3d 469 (2003), *rev allowed*, 337 Or 84 (2004) (following *Hambrick* with respect to elevating crime of public indecency to a felony based on prior convictions for public indecency).

[3] For present purposes, we put to one side the possible question whether the state is entitled to cross-assign error to an intermediate ruling of this kind when, as here, the state has no ability, independent of defendant's appeal, to appeal the judgment or seek appellate review of intermediate procedural rulings in the case. *See State v. Cervantes*, 319 Or 121, 124 n 3, 873 P2d 316 (1994) (reserving the question whether the state may cross-assign error in analogous circumstance).

trial court ruled on defendant's sufficiency of the evidence motion. Therefore, any instruction from this court for the trial court to grant defendant's motion for a judgment of acquittal would be premature."

(Emphasis in original.) The state concludes by asking us to reverse the judgment of the trial court and to remand for reconsideration of the denial of the state's motion to reopen its case.

■ By urging us to reverse the judgment on the cross-assignment of error, without reaching defendant's challenge to the sufficiency of the evidence, the state seeks to reverse the judgment *independently* of defendant's appeal.[4] That is not a correct use of a cross-assignment of error. A cross-assignment of error is available when a respondent believes that the trial court erred in an intermediate ruling and that, if the appellant succeeds in obtaining a reversal, the intermediate ruling should be corrected. ORAP 5.57(2)(a), (b).[5] *See generally Murray v. State of Oregon*, 203 Or App 377, 388, 124 P3d 1261 (2005), *rev den*, 340 Or 672 (2006) (describing proper uses of a cross-assignment of error). When a party argues for a reversal of the judgment, a cross-appeal is required. *State v. Wheelon*, 137 Or App 63, 65 n 1, 903 P2d 399 (1995), *rev den*, 327 Or 123 (1998). *See generally Artman v. Ray*, 263 Or 529, 533-34, 501 P2d 63 (1972) (distinguishing proper use of cross-assignments of error and cross-appeals). Not only did the state not file a cross-appeal in this case, the state could not do so. *See* ORS 138.060 (describing limited circumstances in which a state may appeal in a criminal case).

---

[4] The state may be taking that tack to avoid a likely double jeopardy bar to defendant's retrial. *See Burks v. United States*, 437 US 1, 17-18, 98 S Ct 2141, 57 L Ed 2d 1 (1978) (when a trial court denies a motion for judgment of acquittal and reviewing court determines that evidence is legally insufficient to support conviction, federal Double Jeopardy Clause bars any retrial of the charge).

[5] ORAP 5.57(2) provides:

"A cross-assignment of error is appropriate:

"(a) If, by challenging the trial court ruling, the respondent does not seek to reverse or modify the judgment on appeal; and

"(b) If the relief sought by the appellant were to be granted, respondent would desire reversal or modification of an intermediate ruling of the trial court."

We therefore do not consider the issue raised by the state's cross-assignment of error. On defendant's assignment of error, we accept the state's concession that the trial court erred by denying the motion for judgment of acquittal on the charge of felony VSPO. We further agree with the state that the evidence is sufficient to establish defendant's guilt of a misdemeanor VSPO. Consequently, we remand for entry of a conviction on the misdemeanor offense.

Reversed and remanded for entry of conviction of misdemeanor violation of court stalking protective order.