Submitted May 31, 2013, affirmed December 31, 2014, petition for review denied April 23, 2015 (357 Or 164)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS RODRIGUEZ-RODRIGUEZ,
aka Jesus Rodriguez,
*Defendant-Appellant.*

Washington County Circuit Court
C101778CR; A148435

341 P3d 247

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant appeals a judgment of conviction for both second-degree assault, ORS 163.175, and third-degree assault, ORS 163.165, assigning error to the trial court's grant of the state's motion to amend the indictment in the case. Defendant contends that the trial court lacked authority to allow the amendment because the amendment added a missing element to the crime charged and was, therefore, a substantive amendment that was beyond the court's authority to allow. We conclude that the amendment was not a substantive amendment—that is, one that added a missing element to the crime charged in the original indictment— and, hence, the trial court had authority to allow it. We also reject defendant's additional assignment of error without discussion. Accordingly, we affirm.

The pertinent facts are undisputed. In early 2010, the victim, a 19-year-old man, was walking home when a car stopped next to him. Defendant jumped out of the car holding a baseball bat and rushed toward the victim, swinging the bat at the victim's head. The victim used his arm to block the blow and then ran home. Defendant chased the victim and hit him a second time as he reached his home. Once the victim was safely inside his home, defendant smashed a window in the home and fled. The victim later discovered that his arm was broken.

A grand jury indicted defendant. Count 1 of the indictment alleged that "defendant on or about January 19, 2010, in Washington County, Oregon, did unlawfully and intentionally cause serious physical injury to [the victim] by means of a dangerous." That allegation contained an obvious error: The prepositional phrase "by means of a dangerous" was incomplete, *viz.*, it contained a preposition, "of," and an adjective, "dangerous," that did not modify any other word in the indictment.

Count 1 also explicitly alleged that defendant had committed the crime of first-degree assault. That crime can be committed in four ways: (1) by causing serious physical injury by means of a deadly or dangerous weapon, (2) by causing serious physical injury to a child under six years of age, (3) by committing second-degree assault against a

pregnant victim, or (4) by causing serious physical injury while driving under the influence of intoxicants. ORS 163.185(1).[1] Each of those theories of culpability requires the state to prove at least one fact not required by the other theories.

At the close of the state's case-in-chief, defendant moved for a judgment of acquittal on Count 1. First, defendant argued that the indictment was legally insufficient because the failure to include the word "weapon" at the end of the phrase, "cause[d] serious physical injury to [the victim] by means of a dangerous," meant that the indictment failed to allege an essential element of the crime charged in Count 1, *viz.*, first-degree assault. In making that argument, defendant conceded that the original indictment had provided him with adequate notice of the charge notwithstanding the failure to include the word "weapon" in it. In response, the state moved to amend the indictment to add the word "weapon" after the word "dangerous" in Count 1. Second, defendant argued that the state had failed to present evidence from which a reasonable jury could find that the victim had suffered a serious physical injury, which the state was required to prove to convict defendant of first-degree assault.

The trial court granted the state's motion to amend the indictment, but it also granted defendant's motion to acquit him of first-degree assault based on the state's failure to prove that the victim had suffered a serious physical injury. However, the trial court allowed the state to proceed on a charge of second-degree assault as a lesser-included offense of the indicted crime of first-degree

---

[1] ORS 163.185(1) provides, as pertinent:

"A person commits the crime of assault in the first degree if the person:

"(a) Intentionally causes serious physical injury to another by means of a deadly or dangerous weapon;

"(b) Intentionally or knowingly causes serious physical injury to a child under six years of age;

"(c) Violates [the statute defining second-degree assault] knowing that the victim is pregnant; or

"(d) Intentionally, knowingly or recklessly causes serious physical injury to another while operating a motor vehicle under the influence of intoxicants in violation of ORS 813.010 * * *."

assault.[2] The jury found defendant guilty of second-degree assault, and defendant appeals the resulting judgment.

Article VII (Amended), section 5(3), of the Oregon Constitution provides that "a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury." Article VII (Amended), section 5(6), of the Oregon Constitution provides, in turn, that the "district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form." An amendment that adds a missing material element to a crime charged in an indictment is a substantive amendment and not an amendment that corrects a defect in the form of the indictment. Hence, whether the court properly allowed the state to amend the indictment depends on whether the amendment added a missing material element to the crime that the indictment purported to charge in Count 1. Predictably, the parties disagree on whether the amendment added a missing element, or whether it merely corrected a defect in form.

Generally, an indictment has alleged all of the elements of a charged crime if it tracks the wording of the statute that defines the crime. *See, e.g., State v. Lotches*, 331 Or 455, 466, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001). If an indictment does not track the wording of the statute, the indictment is nonetheless sufficient to inform the defendant of the charge if it states "the acts constituting the offense in ordinary and concise language * * * in such a manner as to enable a person of common understanding to know what is intended." ORS 132.550(7). To determine what an indictment communicates, we examine the indictment as a whole. *State v. Jennings*, 131 Or 455, 461, 282 P 560 (1929). Accordingly,

---

[2] Second-degree assault is defined in ORS 163.175(1):

"A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another;

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

an indictment can be sustained even if an essential element or fact was communicated only by implication or context.

For example, in *State v. Crampton*, 176 Or App 62, 65, 31 P3d 430 (2001), *overruled on other grounds by State v. Caldwell*, 187 Or App 720, 69 P3d 830 (2003), we concluded that an indictment alleging that the defendant "'did unlawfully and knowingly carry concealed * * * a handgun'" implicitly included the allegation that the defendant lacked a permit or license to carry the concealed handgun. In that case, an officer stopped the defendant for driving with a suspended license and found several guns concealed in the defendant's car. The defendant was charged with, and convicted of, unlawful possession of a weapon, ORS 166.250. On appeal, the defendant challenged the adequacy of the indictment to charge that crime because the indictment did not explicitly allege that the defendant did not have a concealed-weapons permit. We rejected that argument because we concluded that the word "unlawfully," meant "without legal authorization or justification," and, when read in context, that word necessarily conveyed the idea that the defendant did not have a concealed-weapons permit. *Crampton*, 176 Or App at 68. In other words, even though the original indictment did not expressly allege that the defendant did not have a permit, it was sufficient that the allegation was implicitly communicated by the word "unlawfully."

Similarly, in *State v. Reynolds*, 229 Or 167, 169, 366 P2d 524 (1961), the Oregon Supreme Court concluded that an indictment alleging that the defendant "'did then and there unlawfully and feloniously fail to immediately stop [his] motor vehicle at the scene of [an] accident,'" adequately alleged, in context, that the defendant had acted with a knowing mental state. There, the state charged the defendant with leaving the scene of an accident that had caused injury or death to another person without providing reasonable aid and assistance, *former* ORS 483.602 (1959), *repealed by* Or Laws 1983, ch 338, § 978. The defendant appealed his conviction, arguing that the state was required, but had failed, to allege in the indictment that the defendant knew that he was involved in an accident involving injury or death. The Supreme Court disagreed, reasoning that "an indictment which charges that a person 'unlawfully and feloniously'

performed an act is equivalent to alleging that he knowingly did so, and thus supplies the element of knowledge where that element is necessary for averment in the indictment." *Reynolds*, 229 Or at 172. The court held that, in the context of the balance of the indictment, the phrase "unlawfully and feloniously" communicated the allegation that the defendant claimed was missing. *Id.* at 172-73; *see also State v. Jim/White*, 13 Or App 201, 220, 508 P2d 462 (1973) ("Where the words used in the indictment necessarily imply other words those words need not be used in the indictment.").

Here, we conclude that the original indictment, when read in its entirety, alleged that defendant had assaulted the victim with a dangerous weapon, because the phrase "cause[d] serious physical injury to [the victim] by means of a dangerous" necessarily communicated, albeit imperfectly, that defendant had used a dangerous weapon to injure the victim. Count 1 of the indictment explicitly alleged that defendant had committed first-degree assault. As noted earlier, 268 Or App at 38 n 2, there are four statutorily defined ways to commit first-degree assault, and each requires the state to prove a fact that is not present in the others. The original indictment did *not* allege the factual predicates of three of the four theories of culpability for first-degree assault—*viz.*, that defendant had assaulted a child less than six years of age or a pregnant person or that defendant was driving while intoxicated—and the factual predicate for the fourth theory is the use of a deadly or dangerous weapon to inflict serious physical injury. Further, the indictment was obviously missing a word. As previously indicated, it contained a prepositional phrase, "by means of a dangerous," that contained the preposition "of," and an adjective, "dangerous," that did not modify any other word in the indictment. In context, the incomplete prepositional phrase "by means of a dangerous" in the indictment had to be understood to communicate that the grand jury had charged defendant with first-degree assault for causing serious physical injury to the victim by means of a dangerous weapon.

Moreover, even a reader who was unaware that there are four distinct ways to commit first-degree assault would have read the indictment to allege that defendant had

injured the victim by means of a dangerous weapon. The incomplete prepositional phrase "by means of a dangerous" was preceded by the allegation that defendant had "intentionally" caused "serious physical injury to [the victim]." When a person uses an object to "intentionally cause serious physical injury," by definition, that object becomes a weapon. *See Webster's Third New Int'l Dictionary* 2589 (unabridged ed 2002) (defining the word "weapon" as "something * * * used in destroying, defeating, or physically injuring an enemy"). Therefore, when read with the words immediately preceding the incomplete prepositional phrase, it becomes evident that the missing word that the incomplete prepositional phrase was intended to modify had to be a word for something that is used to cause "serious physical injury," *viz.*, the missing word had to be "weapon" or a term for a weapon. If the missing word were anything other than "weapon," then it could not be the "means by which" the defendant had "intentionally" caused the "serious physical injury." In essence, the amendment merely made explicit an allegation that was already adequately, though implicitly, expressed in the original indictment, and the court had the authority to grant the amendment to add the missing word.

In summary, Count 1 of the original indictment alleged that defendant had assaulted the victim by means of a dangerous weapon notwithstanding the failure to include the word "weapon" in the indictment. Therefore, the defect in the original indictment, *viz.*, the omission of the word "weapon," was one of form only, and the trial court did not err in granting the state's motion to amend the indictment to add the word "weapon" to Count 1.

Affirmed.