No. 426 June 26, 2024 409

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS RODGER PERELLI,
*Defendant-Appellant.*

Douglas County Circuit Court
21CR18989, 21CR03179; A176025 (Control), A176026

Ann Marie Simmons, Judge.

Submitted January 24, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this consolidated criminal appeal, defendant appeals a judgment of conviction for two counts of violating a stalking protective order (SPO), ORS 163.750(2)(b), and a probation violation judgment revoking his probation. Defendant asserts three assignments of error, contending that the trial court erred in denying his demurrer as to both counts and revoking his probation based on the convictions for those counts. Because we conclude that the trial court did not err when it denied defendant's demurrer, we also reject his third assignment of error. Accordingly, we affirm.

## BACKGROUND FACTS

In January 2021, defendant's neighbors, E and S, obtained SPOs prohibiting him from entering their property. Two months later, defendant was convicted of stalking E and was sentenced to probation. Defendant was released on the same day. That evening, E and S's surveillance camera recorded defendant in their back yard. As a consequence, defendant was charged with two counts of violating an SPO, ORS 163.750, with each count identified as a "Class C Felony." Specifically, the indictment alleged, in relevant part:

> "The defendant *** having been served with or waived service of a court's stalking protective order restraining defendant from entering onto the property located at [E and S's address] *** did feloniously and recklessly engage in the conduct prohibited by the order by entering onto the property located at [E and S's address]."

Defendant demurred to the indictment, arguing that "an indictment must contain subcategory facts under certain circumstances" and that the indictment just stated "feloniously. It doesn't say *** that specific reason for the enhancement." The trial court denied the demurrer, reasoning that it "believe[d] that when you plead it as feloniously, you get to felonious but then the state would be forced to elect at trial whether they were proceeding under a theory of a prior conviction for stalking or violating a court's stalking protective order." Further, the court explained that "in this instance, the addition of the conviction is ***

another element but it's been pled as feloniously. I think that satisfies that element." The jury convicted defendant of both counts, and the trial court entered a general judgment of conviction and a probation violation judgment revoking defendant's probation. This appeal followed.

## ANALYSIS

In his first two assignments of error, defendant challenges the trial court's denial of his demurrer. "We review the denial of a demurrer for errors of law." *State v. Woodall*, 259 Or App 67, 69, 313 P3d 298 (2013), *rev den*, 354 Or 735 (2014).

Defendant argues that the trial court should have granted the demurrer because the indictment failed to state the crime of felony violation of an SPO. Specifically, defendant contends that the indictment did not allege that he had a previous conviction for stalking or violating an SPO, facts that elevate the offense from a misdemeanor to a felony. In response, the state argues that the word "feloniously" and the citation to the relevant statute sufficiently conveyed that "the charge was based on the fact that [defendant] had a previous qualifying conviction." We agree with the state's argument.

We begin our analysis with the general principles concerning indictments. ORS 132.550(7) requires that an indictment include a "statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." The Supreme Court has explained that the three purposes of an indictment are,

> "(1)　to inform the defendant of the nature of the crime with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the defendant to avail himself of his conviction or acquittal thereof if he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction."

*Antoine v. Taylor*, 368 Or 760, 772, 499 P3d 48 (2021) (quoting *State v. Cohen*, 289 Or 525, 529, 614 P2d 1156 (1980)).

ORS 132.540(3), on which defendant relies, provides than an "indictment must allege that the defendant has previously been convicted of an offense when the previous conviction constitutes a material element of the charged offense." "A 'material element' is one that the state *must* prove to establish the crime charged." *State v. Reynolds*, 183 Or App 245, 249, 51 P3d 684 (2002) (emphasis in original); *see also State v. Wimber*, 315 Or 103, 109, 843 P2d 424 (1992) ("An indictment fails to state facts constituting an offense when it fails to allege each of the essential elements of the offense.").

However, ORS 132.540(4) provides that an indictment is not required to allege the exact statutory language that defines the crime. Instead, "other words conveying the same meaning may be used." *Id.*; *State v. Fair*, 326 Or 485, 490, 953 P2d 383 (1998) ("Generally, an indictment is sufficient to serve those functions and to withstand a demurrer if it tracks the pertinent wording of the statute defining the crime."). Moreover, we do not view an indictment's allegations in isolation, but endeavor to "determine what an indictment communicates" by examining "the indictment as a whole." *State v. Rodriguez-Rodriguez*, 268 Or App 35, 38, 341 P3d 247 (2014), *rev den*, 357 Or 164 (2015); *see also State v. Jennings*, 131 Or 455, 461, 282 P 560 (1929) ("The rules for the construction of indictments, however, contemplate that the meaning is to be determined from the whole instrument and not from any part alone.").

With those principles in mind, we turn to the relevant statute. Defendant was charged under ORS 163.750, which provides, in part,

"(1)   A person commits the crime of violating a court's stalking protective order when:

"(a)   The person has been served with a court's stalking protective order as provided in ORS 30.866 or 163.738 or if further service was waived under ORS 163.741 because the person appeared before the court;

"(b)   The person, subsequent to the service of the order, has engaged intentionally, knowingly or recklessly in conduct prohibited by the order[.]"

As relevant here, the crime is elevated from a Class A misdemeanor to a Class C felony if the person has a prior conviction for stalking or violating an SPO. ORS 163.750(2)(b).

Here, the parties do not dispute that a prior conviction is an essential element of the felony offense. *State v. Clayton*, 210 Or App 442, 445, 150 P3d 1078 (2007). However, defendant argues that "it is not in dispute that the indictment failed to allege that material element." We disagree. Although the indictment did not explicitly allege that defendant had a prior conviction for stalking or violating an SPO, ORS 163.750(2)(b), as we explained above, an indictment need not track a statute's exact wording. ORS 132.540(4) ("[O]ther words conveying the same meaning may be used."). Thus, the dispositive question in this case is whether the term "feloniously" conveyed that defendant was alleged to have been convicted of stalking or violating an SPO, ORS 163.750(2)(b).

We have held that the word "feloniously" is sufficient to put a defendant on notice that the defendant was charged with a felony "as aggravated or enhanced" by proof of a specific circumstance listed in the statute. *State v. Early*, 180 Or App 342, 348, 43 P3d 439 (2002), *overruled on other grounds by State v. Caldwell*, 187 Or App 720, 723, 69 P3d 830 (2003). *Early* is instructive here. In that case, the defendant argued that an indictment for felony driving while suspended or revoked under ORS 811.182 (1997) (felony DWSR) was insufficient because it pleaded that he "feloniously" drove while his driving privileges were suspended. *Id.* at 346. Because felony DWSR requires that the underlying suspension or revocation have resulted from a circumstance listed in ORS 811.182(3) (1997), the defendant contended that the state was required to plead one of those circumstances to elevate the misdemeanor to a felony. *Id.* at 345-46.

We determined that even though a suspension resulting from one of the circumstances under ORS 811.182(3) (1997) was an element of felony DWSR, "*which* of the several specific circumstances listed in the statute is not itself a material element of the crime. Accordingly, the failure to allege the circumstance that gave rise to the suspension does not mean that the indictment failed to state a crime." *Id.* at

348 (emphasis in original). After noting that the indictment's caption provided, "ORS 811.182 \*\*\* DRIVING WHILE SUSPENDED-FELONY," we concluded that, "[the] allegation, especially when coupled with the statutory citation in the caption, put defendant on notice that he was charged with the felony crime, as aggravated or enhanced by proof of one or more of the factors enumerated in ORS 811.182(3)." *Id.* at 347-48. Thus, the indictment was "minimally adequate to state the crime of felony DWSR." *Id.* at 349.

In *Reynolds*, we considered *Early* in addressing a challenge to an indictment for fourth-degree assault, another offense that can be a misdemeanor or a felony depending on proof of an additional fact. 183 Or App at 251. In that case, the indictment included allegations that the defendant had been previously convicted of assaulting the same victim. *Id.* at 247. The defendant argued that because the prior conviction constituted a sentencing enhancement factor and not a "material element" of the crime, allegations about the prior conviction were prohibited under ORS 132.540(2) (2001).[1] *Id.* at 247-48.

After determining that a prior conviction was a material element of fourth-degree assault, we explained that either an allegation that the defendant "feloniously" assaulted the victim or a more specific allegation about his prior conviction was necessary to state the crime and that it was permissible to include both:

> "If the indictment had alleged both that defendant 'feloniously' assaulted the victim and that he previously had been convicted of assaulting her, it could be argued that the specific allegation concerning the prior conviction could be deleted without affecting the legal sufficiency of the indictment. That is because, under *Early*, the allegation that he 'feloniously' assaulted the victim operates as a sort of shorthand for the more specific allegation concerning the prior convictions. But that does not mean that the prior conviction is no longer material. It means only that there are, in effect, two ways to allege the same material fact."

*Id.* at 252 n 1.

---

[1] ORS 132.540(2) (2001) provided that, "The indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject the defendant to enhanced penalties, except where the conviction constitutes a material element of the crime charged."

We therefore conclude that an indictment for felony violation of an SPO that omits a particular circumstance provided in ORS 163.750(2)(b) nevertheless complies with ORS 132.540(3) if it contains language—even in the form of shorthand—that conveys the allegation of a prior conviction. *See Early*, 180 Or App at 348 (explaining that the word "feloniously" was sufficient to allege a material element of the charged offense); *see also Reynolds*, 183 Or App at 251 (same).

Despite our analysis in *Early* and *Reynolds*, defendant contends that the word "feloniously" fails to convey that defendant had been convicted of stalking. Instead, he asserts that this case is analogous to *State v. Burnett*, 185 Or App 409, 411, 60 P3d 547 (2002), a case in which the defendant was charged with fleeing or attempting to elude a police officer, ORS 811.540.[2] We determined that the indictment in that case failed to allege a material element, because ORS 811.540 required an officer to "indicate, by being in uniform and displaying a badge or operating a marked police vehicle, that he or she is, in fact, a police officer," and the indictment lacked language conveying those facts. *Id.* at 414-15; *see also State v. Anderson*, 233 Or App 475, 486, 227 P3d 192 (2010) (explaining that the *Burnett* indictment "did not include wording that could be viewed as describing the missing essential element").

However, we have explained that *Burnett*'s holding is limited to indictments that are devoid of language regarding a material element of the charged offense and provides a "*narrow exception* to the established rule that the primary function of an indictment is to provide notice to a defendant as to what crime he is being prosecuted for." *Anderson*, 233 Or App at 487 (emphasis added). That narrow exception renders an indictment insufficient only "when an indictment

---

[2] ORS 811.540(1) provides, in part:

"A person commits the crime of fleeing or attempting to elude a police officer if: (a) The person is operating a motor vehicle; and (b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren," and the person "knowingly flees or attempts to elude" the police officer while still in the vehicle or outside of the vehicle.

*completely lacks* language regarding an essential element of a crime." *Id.* (emphasis added). Importantly, when an indictment alleges an element and "reference to other language in the indictment is needed only to 'round out' the allegation, it is governed by the more general rule that an indictment is sufficient if it is framed 'in such a manner as to enable a person of common understanding to know what is intended[.]'" *Id.* (quoting ORS 132.550(7)).

Turning to the indictment in this case, we conclude that it is distinguishable from the indictment in *Burnett*. While the *Burnett* indictment lacked any language conveying that the officers had indicated that they were—in fact—police officers, this indictment contains language from which defendant could understand that the state was alleging that he had a prior conviction arising from a circumstance enumerated in ORS 163.750(2)(b). Specifically, the indictment in this case alleged that defendant "did feloniously and recklessly engage in the conduct prohibited by the order" and was captioned "ORS 163.750, CLASS C FELONY." Although the indictment did not explicitly allege one of the circumstances enumerated in ORS 163.750(2)(b), the word "feloniously," coupled with the citation to the statute in the caption, provided a minimally adequate shorthand for the more specific allegation regarding defendant's prior conviction for stalking. *See Early*, 180 Or App at 349 (holding that an indictment containing similar language was "minimally adequate"); *see also* ORS 132.540(4) ("Words used in a statute to define a crime need not be strictly pursued in the indictment, but other words conveying the same meaning may be used.").

Because the indictment was sufficient to put defendant on notice that he was charged with felony violation of an SPO, as aggravated by proof of a prior conviction enumerated in ORS 163.750(2)(b), the trial court did not err. Consequently, we reject defendant's third assignment of error.

Affirmed.